CULPEPPER, Judge.
This is a mandamus suit against the clerk of court of Calcasieu Parish to compel him to issue subpoenas for the personal appearance of relator’s witnesses in a pending forma pauperis suit. The clerk had refused to issue the summonses unless the relator deposited witnesses fees and travel expenses as provided in LSA-C.C.P. Arts. 1352-1353 and LSA-R.S. 13:3661. After hearing, the district judge ordered the clerk of court to issue the subpoenas and also ordered that “any costs to be incurred by the clerk to be paid by the police jury of the parish as required by law.” The clerk appealed. The police jury of Cal-casieu Parish also appeals as a third party adversely affected by the lower court judgment.
This appeal involves only a question of law. The issue is whether a litigant proceeding under the forma pauperis act is entitled' to have the clerk subpoena witnesses, who are due fees and travel expenses under the provisions of LSA-R.S. 13:3661,. without making a deposit as required by LSA-C.C.P. Art. 1353 and LSA-R.S. 13:3661. The question is one of statutory construction.
The first and most forceful argument made by the clerk and the police jury is that the new LSA-Code of Civil Procedure, Article 5185, does not list “witnesses” as one of the services to which a forma paup-eris litigant is entitled without payment of costs, whereas as the source statute of this article, former LSA-R.S. 13:4525 now re *719 pealed, did specifically list witnesses as one of the services to which a pauper was entitled.
The former statute, LSA-R.S. 13:4525 now repealed, stated in pertinent part that the forma pauperis litigant had the right to litigate without the payment of costs, or giving bond therefor, and that this right extended to “all services required by law in any legal proceedings, by sheriffs, clerks of court, court reporters and witnesses in any parish where any part of the proceedings are being conducted, * *
The former statute has been replaced by LSA-C.C.P. Article 5185 which reads as follows:
“Rights of party permitted to litigate without payment of costs
“When an order of court permits a party to litigate without the payment of costs, until this order is rescinded, he is entitled to :
“(1) All services required by law of a sheriff, clerk of court, court reporter, notary, or other public officer in, or in connection with, the judicial proceeding, including but not limited to the filing of pleadings and exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal;
“(2) The right to a trial by jury, and to the services of jurors, when allowed by law and applied for timely; and
“(3) The right to a devolutive appeal, and to apply for supervisory writs.
“He is not entitled to a suspensive appeal, or to an order or judgment, required by law to be conditioned on his furnishing security other than for costs, unless he furnishes the necessary security therefor.
“No public officer is required to make any cash outlay to perform any duty imposed on him under any article in this Chapter.”
We note that the applicable provisions of LSA-R.S. 13:4525 are substantially the same as LSA-C.C.P. Art. 5185 with the exception that the word “witness” has been omitted from the specifically listed items to which the forma pauperis litigant is entitled. We think that LSA-C.C.P. Art. 5185, as it now reads, does not include witness fees or travel expense amongst the items exempted. Furthermore, we believe that under the rules of statutory construction the omission by the legislature of the word “witness” from the new Code Article, indicates an intention on their part to change the law.
It is a well established rule of statutory construction that the legislature is presumed to have passed a statute in the light of preceding statutes involving the same subject matter, and decisions construing such statutes and, where the new statute is worded differently from the preceding statutes, the legislature is presumed to have intended to change the law. State v. Wilson, 204 La. 24, 14 So.2d 873; Stewart v. Kahn, 11 Wall. 493, 78 U.S. 493, 20 L.Ed. 176.
The district judge based his decision on Hartford v. Mobley, 233 La. 956, 98 So.2d 250 in which our Supreme Court interpreted the former statute, LSA-R.S. 13:4525. Since witnesses were specifically listed in that statute, the principal issue in Hartford v. Mobley was whether the clerk of court could be required to make a cash outlay for witnesses’ fees and expenses despite a provision of LSA-R.S. 13:4525 to the effect that “no public officer shall be required to incur any cash outlay by reason of the provisions of this section.” The court held that this proviso applied to the clerk’s own funds and not to any *720 public funds. It ordered that these public funds must be advanced by the police jury for the parish in which the trial is held. We are unable to agree that Hartford v. Mobley is controlling in the instant matter. The applicable statutory provisions have been changed since that decision in 1957 so as to omit witnesses from the list of services to which a pauper is entitled without the payment of costs.
The principal argument made by the relator in this court is that although the word ‘‘witness” has been omitted from LSA-C.C.P. Art. 5185, the fees and expenses for witnesses fall within the term “costs” and, relator argues, the forma pauperis litigant is entitled to any expense which can be charged as a cost of court, under the provisions of the unnumbered paragraph of LSA-C.C.P. Art. 5185 reading as follows:
“He is not entitled to a suspensive appeal, or to an order or judgment, required by law to be conditioned on his furnishing security other than for costs, unless he furnishes the necessary security therefor.” (Emphasis supplied)
In our opinion, a reading of the statute as a whole, and of the word “costs” in context, does not show a legislative intent that witnesses fees and expenses, or any other costs of court, other than those set forth in the three numbered paragraphs of LSA-C.C.P. 5185 shall be given to the pauper without payment. Relator has attempted to lift the word “costs” out of context and give it a meaning which it was never intended to have. The paragraph quoted above státes that the forma pauperis litigant is not ' entitled to a suspensive appeal, or to an order or judgment which requires the furnishing of security. For example, a pauper is not entitled tO‘ a provisional seizure or a temporary restraining order without giving security therefor. The words “other than for costs” in the quoted paragraph mean that where a pauper files a suit -for a temporary restraining order; for example, he must furnish thé security on which the issuance of the order is conditioned but he need not pay those costs from which he is exempted by the preceding provisions of LSA-C.C.P. Art. 5185.
This construction is apparent when we note that the scheme of LSA-C.C.P. Art. 5185 is to first list, in the three numbered paragraphs, the things to which the pauper is entitled and then in the last two paragraphs set forth the things to which the pauper is not entitled. The word “costs” appears in that portion of the article which is concerned with things to which the pauper is not entitled and is placed there for the purpose of making it clear that even though the pauper is not entitled to an injunction, for example, without giving bond, he is, in his injunction suit, entitled to the costs which are set forth in that portion of the article which describes the things to which the pauper is entitled. If the legislature had intended that the forma pauperis litigant not have to pay witnesses or any items of expense which could be charged as costs of court, it would have been a very simple matter to state this in explicit terms in the codal article.
For the reasons assigned, the judgment appealed is reversed and set aside and relator’s suit for mandamus is dismissed.
Reversed and rendered.