McCALEB, Justice.
The question presented for decision in this case is whether or not a suitor in forma pauperis may secure the attendance of witnesses subpoenaed by him without first depositing with the clerk of court a sum of money sufficient to pay all fees and expenses to which the witnesses are entitled by law.
Relator, having been authorized by the Fourteenth Judicial District Court for the Parish of Calcasieu to prosecute his suit against Cit-Con Oil Corporation et al. in forma pauperis, requested Acton Hille-brandt, clerk of said court, to cause subpoenas to issue for the personal appearance of eight witnesses on the date fixed for trial. The request was refused. Thereupon, relator instituted this mandamus proceeding to compel the clerk to issue the subpoenas. The clerk resisted the demand contending that Article 5185 of the Louisiana Code of Civil Procedure, which enumerates the legal services available to a suitor permitted to litigate without payment of costs, does not impose upon the clerk the obligation of issuing subpoenas for such witnesses, especially those witnesses subpoenaed from outside the parish who are entitled by law to certain expenses, mileage and the regular witness fee, unless the party sum *385 moning the witnesses first makes a deposit with the clerk for witness fees and expenses as required by Article 1353 of the Code of Civil Procedure.
After a hearing on a rule nisi the trial judge, being of the opinion that there was no substantial difference between Article 5185 of the Code of Civil Procedure and the former law on the subject (R.S. 13:-4525), concluded that the case was controlled by Hartford v. Mobley, 233 La. 956, 98 So.2d 250, decided by this Court in 1957. Therefore, the judge ordered the clerk to issue the requested subpoenas for the personal appearance of relator’s witnesses without prepayment of costs and, further, decreed that any costs incurred by the clerk were to be paid by the police jury of the parish.
The clerk and the police jury, the latter appearing as a third party adversely affected by the judgment, appealed to the Court of Appeal, Third Circuit, where the judgment was reversed and the rule dismissed. That court was of the view that Article 5185 of the Code of Civil Procedure had made a substantial change in the prior law (R.S. 13:4525) with relation to the services to be rendered indigent persons without prepayment of costs, in that the codal article had omitted “witnesses” from the list of services to which a pauper is entitled. See State v. Hillebrandt, La.App., 146 So.2d 718. We granted certiorari.
The provisions of our law relative to civil proceedings in forma pauperis, R.S. 13 :- 4525-4528, were supplanted by Articles 5181 through 5188 of the Code of Civil Procedure which became effective on January 1, 1961. Article 5185, so far as pertinent here, reads:
“When an order of court permits a party to litigate without the payment of costs, until this order is rescinded, he is entitled to:
“(1) All services required by law of a sheriff, clerk of court, court reporter, notary or other public officer in, or in connection with, the judicial proceeding, including but not limited to the filing of pleadings and exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal. * * *” (Italics ours.)
Thus the law is clear that relator is entitled to have the clerk issue the subpoenas for the appearance of the witnesses he has summoned without paying to the clerk the costs of that legal service.
The position of the clerk, however, is that he is not obliged to perform the service requested unless and until relator deposits with him adequate funds to pay all fees and expenses to which relator’s witnesses are entitled by law (R.S. 13:3661, as last amended by Act 25 of 1961). In support of this stand, the clerk relies on Article 1353 of the Code of Civil Procedure which declares:
“No subpoena shall issue until the party who wishes to subpoena the witness first deposits with the clerk of court a sum of money sufficient to pay all fees and expenses to which the witness is entitled by law.”
The clerk asserts that the law prohibits him from issuing the subpoenas unless he has in his hands a sum sufficient to pay the fees and expenses of the witnesses and that Article 1353 of the Code applies to all litigants, whether indigent or not, as there is nothing in Article 5185 of the Code which exempts suitors in forma pauperis from the prepayment of witness fees and expenses. To substantiate this claim, counsel for the clerk points out that the law in effect prior to the adoption of the Code of Civil Procedure, specifically R.S. 13:4525, provided that a suitor in forma pauperis was entitled to all services required by law in any legal proceedings “ * * * by sheriffs, clerks of court, court reporters and witnesses in any parish where any part of the proceedings are being conducted * * *”, where *386 as under Article 5185 of the Code of Civil Procedure, which governs this case, the provision of the former statute respecting the exemption in favor of the indigent litigant for prepayment of fees and expenses of witnesses has been omitted. This omission, it is contended, evidences a legislative intent that the prohibition 'contained in Article 1353 of the Code — that no subpoena shall issue until the parties seeking its issuance deposit with the clerk of court the fees and expenses to which the witness is entitled by law — was to apply to all litigants, irrespective of their financial status.
We think the argument well founded. At the outset, we, like the Court of Appeal, feel obliged to attach significance to the fact that the framers of the Code of Civil Procedure did not include in Article 5185 the provision contained in R.S. 13:4525 which this Court found in Hartford v. Mobley, supra, exempted indigent litigants from prepayment of witness fees and expenses. Indeed, a reading of paragraph 1 of Article 5185 indicates an intent to exempt only the services performed and required of public officers in a judicial proceeding and, when considered in connection with Article 1353, which enjoins the clerk from issuing any subpoena until the witness fees and expenses are deposited with him, the legislative design is manifest that payment of the fees and expenses of witnesses summoned by a party, whether he be a pauper or not, are to be secured in advance of their appearance, so that such witnesses may be paid by the clerk upon completion of their attendance in court and are not compelled to wait for reimbursement of their expenses until judgment is rendered, or obliged to appeal to the court for relief.
Were it not for the circumstance that the provision of R.S. 13:4525, which extended to suitors in forma pauperis “all services * * * in any legal proceedings, by * * witnesses * * * ”, was omitted from Article 5185 of the Code of Civil Procedure, it might be plausibly argued that the mandate of Article 1353 should be construed to apply only to litigants who are required to prepay costs and that it has no reference to suitors in forma pauperis. However, the absence in Article 5185 of any language indicating that indigent litigants are not obliged to secure payment to their witnesses of their fees and expenses renders such an interpretation inappropriate.
A consideration of R.S. 13:3661 and the various amendments thereto fortifies our view that the Legislature, by the last expressions of its will, did not intend that suitors in forma pauperis should be exempt from depositing with the clerk the necessary funds to pay the expenses and fees of the witnesses summoned by them. As originally incorporated in the Revised Statutes, R.S. 13:3661 exempted witnesses residing more than 100 miles from the place where the trial was held from compulsory attendance. It also provided that, in the case of witnesses residing out of the parish in which the litigation was pending, the party desiring the testimony must first deposit with the clerk of court a sufficient sum of money to cover the mileage at the rate of 5‡ per mile and attendance in court at the rate of $1.50 per day and, where the witness was required to remain at the trial for more than one day, he was to be allowed an additional per diem sum of $3.50 for hotel and meal expenses. Following our 1957 decision in Hartford v. Mobley (in which we held that, in view of the provisions of R.S. 13:4525, suitors in forma pauperis were not required to pay witness fees and expenses and that the police jury of the parish in which the trial was held was obliged to defray such fees and expenses), the Legislature amended R.S. 13 :- 3661 by two Acts, Nos. 303 and 527 of the Regular Session of 1958. In keeping with our view in Hartford v. Mobley, it was provided, among other things, by Act 527 of 1958 that “In any cases in which a party is entitled to the benefits of R.S. 13:4525, the deposit and the clerk’s certificate herein required shall not be required." However, R.S. 13:3661 was again amended in 1960 by Act 32 of that year which omitted from the *387 provisions of R.S. 13:3661 the special exemption, above quoted, contained in the amendment of 1958 in favor of parties proceeding in forma pauperis. The provisions of R.S. 13:3661 were subsequently incorporated in the Code of Civil Procedure with certain changes, not important here, as Article 1352 thereof and Article 1353, with which we are here concerned, entitled “Prepayment of Fees” is stated by the redactors to be a change in the law. The comment further declares:
“Prepayment of any fee which may he due a witness is required in all cases, even if the witness resides within the parish. See R.S. 13:3661 for the fees, and the administrative details of sub-poening witnesses who live outside of the parish.” [1]
Thus, when the several changes in R.S. 13:3661 and the present provisions of Articles 1353 and 5185 of the Code of Civil Procedure are considered and analyzed together, as should be done with laws in pari materiae, we think they disclose a plain legislative intent to accord to the indigent litigant all services required of public officers in connection with the legal proceeding without prepayment of the legal fees provided by law but not to exempt such a litigant from the responsibility of securing to the witnesses he summons advance payment of their fees and expenses.[2]
For the reasons assigned, the judgment of the Court of Appeal is affirmed.

. The statute referred to in the comment, R.S. 13:3661, was last amended and reenacted by Act 25 of 1961.

. It is to be noted, however, that paragraph (2) of Article 5185 specially exempts the litigant in forma pauperis from the prepayment of jurymen’s fees.