BAILES, Judge.
This matter is before us on application for Writs of Certiorari, Prohibition and Mandamus in the action, being prosecuted in forma pauperis, of Henry Joseph Aucoin v. The Fidelity and Casualty Company of New York, et al., No. 33,474 of the docket of the Sixteenth Judicial District Court, Parish of St. Mary, Louisiana. An alternate writ was issued by this Court which, inter alia, directed the Honorable E. L. Guidry, Judge of the Sixteenth Judicial Distict Court to order the respondent, Benny A. Blackeman, Clerk of Court for the Parish of St. Mary, to send to this Court, on appeal, the record in the matter complained of, without payment of costs by relator or posting of bond to secure payment of costs, or, in the alternative, to show cause why this writ should not be made peremptory.
In response to this writ, Mr. Blackeman has responded by filing a brief in support of his position. The narrow question presented is: Does the right to proceed in a judicial action in forma pauperis include the right to have the Clerk of the District Court transmit the record of the case to the appellate court to which a timely appeal has been perfected without prepayment of transmittal costs, either in the form of postage or other transportation charges ?
To the petition in the original suit, filed in forma pauperis and claiming workmen’s compensation benefits, an exception of prescription was maintained and the suit dismissed. A devolutive appeal to this Court was granted but the record was not lodged by the Clerk of the Court a quo before the return day, based on the refusal of the petitioner to pay the amount of $4.00 to defray the expense of forwarding the record. A petition for a writ of mandamus was heard by the Sixteenth Judicial District Court and denied. From this ruling the present application for writs was made.
Respondent contends that no public officer is required to make any cash outlay to perform any duty imposed on him in connection with any lawsuit filed in forma pau-peris. LSA-C.C.P. Art. 5185. On the other hand and based on the same article of our Code of Civil Procedure, relator contends that a suitor proceeding in forma pauperis is entitled to have the record of his case prepared and transmitted to any appellate court to which an appeal may lie without the payment of any costs or the giving of bond.
The applicable provisions of LSA-C.C.P. Article 5185 are these:
When an order of court permits a party to litigate without the payment of costs, until this order is rescinded he is entitled to:
(1) All services required by law of a sheriff, clerk of court, court reporter, *862 notary, or other public officer, in, or in connection with, the judicial proceedings, including hut not limited to the filing of pleadings and exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal',

(4) The right to a devolutive appeal, and to apply for supervisory writs.
* * * * * *
No public officer is required to make any cash outlay to perform any duty imposed on him under any article of this Chapter.” (Emphasis supplied)
This Article and the others comprising Chapter S of Book 9 of the Louisiana Code of Civil Procedure provide relief to those, who lacking fiscal means would otherwise be denied access to a tribunal for redress of their wrongs by eliminating advance payment of court costs upon order of the court after a proper showing of poverty. Being remedial, they must be accorded liberal construction in order that a just and final determination of the rights of persons, an end of our legal system, will be available to anyone seeking it and not denied them by the lack of explicit statement inherent in the requirement of codification that formulas of law be generalized.
In so construing these articles, and Article 5185 in particular, we can only conclude that the right to have the record of a cause transmitted to an appellate court without the prepayment of any costs is granted.
Article 5185 explicitly gives to an indigent permitted to litigate without the prepayment of costs the right to a devolu-tive appeal. Under our system an appeal is one step inherent in litigating a cause. As such, the right to the services granted for the original step, the district court determination, is equally applicable to the appellate determination. See LSA-C.C.P. Art. 5181.
Some of the services to which a person permitted to proceed in forma pauperis is entitled are listed in a non-exclusive manner in Article 5185. Those listed may best be categorized as services basic to the function for which the enumerated public offices were created. They involve the routine, commonplace and recognized duties of such offices. We can conceive of no way in which the transmittal of a record, by post or otherwise, would not be encompassed by this category and because of the Article’s non-exclusive nature thereby included in it.
Moreover, the Article specifically provides for the services of designated public officers in “the preparation of a record of appeal.” Article 2127 of the Code, titled, “Record on appeal; preparation; prepayment of fees,” states:
“The clerk of the trial court shall have the duty of preparing the record on appeal. He shall cause it to be lodged with the appellate court on or before the return day or any extension thereof, upon the timely payment to him by the appellant of all fees due in connection with the appeal * * * ”
It is obvious not only because of the single word “preparation” in the title of this Article but also because of the inclusion of two distinguishable functions or services — preparation and lodging — -that the legislature considered them as one, that of “lodging” being simply the final act of “preparation.” And “lodging”, of course, implies transmittal.
Article 5185 then states, and on this sentence respondent relies:
“No public officer is required to make any cash outlay to perform any duty impose on him under any article in this Chapter.” LSA-C.C.P. Art. 5185.
The intrepretation of this provision which respondent urges we cannot accept, for to *863 do so would render Article 5185 meaningless. Certainly, the legislature did not grant a right to the services of public officials in the first sections of the Article and then revoke it in the last. This would he the meaning and effect of the Article under respondent’s premise, since, in proceedings of this nature, a clerk of court could legally neither pay salaries to those who work on the proceeding nor purchase the necessary supplies with which to do this work. That is, he could not file pleadings, issue certificates, certify acts or records, issue subpoenas and process, take testimony or prepare a record of appeal since each would involve an expenditure of funds. Such routine office disbursements could not have been intended to be forbidden by this provision. In fact, they are expressly allowed.
The cost of transmitting a trial record to the proper appellate court, not only as a routine function of a clerk of court but also as a mandatory duty, is not within the scope of the prohibition of the last section of Article 5185. This is one of the costs which a party granted the right to prosecute or defend a judicial proceeding without the payment of costs need not pay in advance.
In support of his contention respondent cites the case of State ex rel. Clark v. Hillebrandt, 244 La. 742, 154 So.2d 384, in which our Supreme Court held that a litigant proceeding in forma pauperis was “not to exempt such a litigant from the responsibility of securing to the witnesses he summons advance payment of their fees and expenses.” Clark v. Hillebrandt, supra. This decision was based on the fact that the former statute providing for waiver of costs for indigent parties contained an exemption from advance payment of witness fees and expenses which was not included in the subsequent revision and re-enactment of that law. Though factually inap-posite and not decisive of the question presented here, the case is interesting for in amending Article 5185 to include the previously omitted provision the Legislature clearly indicated that despite the last sentence of the Article, expenditures can be made or public funds committed by a public official in performing the class of services provided by the statute.
For the foregoing reasons the Honorable E. L. Guidry, Judge of the Sixteenth Judicial District Court for the Parish of St. Mary, is commanded to order the respondent, Benny A. Blakeman, Clerk of Court for the Parish of St. Mary, to send to this Court, forthwith,' the record on appeal in the matter complained of, without payment of costs by relator or posting of bond to secure payment of costs.
Writ maintained.