LANDRY, Judge.
This is an action in forma pauperis. In a prior decree rendered March 4, 1968, see La.App., 207 So.2d 860, we made absolute an alternative writ of mandamus, certiorari and prohibition and ordered the Honorable Edmond L. Guidry, Judge, Sixteenth Judicial District Court, St. Mary Parish, to direct the Honorable Benny A. Blakeman, Clerk of said Court, to prepare and transmit the record on appeal in this matter to this court without prepayment *900 of costs by plaintiff-appellant Henry Joseph Aucoin. Upon the failure of said Clerk to lodge the record in this court within the return date fixed by the trial court, defendants Fidelity and Casualty Company of New York (Fidelity) and Athena, Inc. have moved to dismiss the appeal. We find the motion to dismiss the appeal without merit and order the aforesaid Clerk of Court to forthwith send and transmit the record to this court so that this appeal may be heard.
It suffices to relate that in our prior opinion we ordered the judge of the trial court to direct respondent clerk to send the record in this matter to this court without payment of costs by appellant-relator Henry Joseph Aucoin or without said appellant posting bond therefor. When, upon expiration of the return date, the record had not yet been lodged in this court, defendants Fidelity and Athena moved to dismiss the appeal. To their motion appel-lees have attached the affidavit of the Honorable Benny A. Blakeman, Clerk of Court, which states in substance that upon completion of the record he requested payment by appellant of the sum of $4.00 to defray the express charge for transporting the record to this court. The affidavit further relates that appellant declined to pay said freight charge on the ground that he is exempt therefrom considering this action is in forma pauperis. Finally, the affidavit recites said Clerk’s refusal to pay said express charge because LSA-C. C.P. Article 5185 expressly exempts public officers from making a cash outlay to perform any duty incumbent upon him incident to an appeal in forma pauperis.
Basically movants contend appellant is liable for the cost of transmitting the record from the trial to the appellate court. On this premise it is urged that failure to timely lodge the record in this court rests with appellant therefore the appeal should be dismissed.
On the contrary, appellant argues that the cost of forwarding the record to the appellate court is chargeable to the Clerk of the trial court. So contending, appellant further maintains responsibility for failure to timely lodge the record in this case is chargeable to the Clerk and pursuant to the provisions of LSA-C.C.P. Article 2127, the appeal therein is therefore not. prejudiced by such failure.
We see no reason to belabor the matter considering our former decree expressly declares the obligation of the Clerk of. Court to defray the transmission cost of sending the record from the trial to the appellate court.
We amplify-our prior remarks only to the extent of pointing out that it is the duty of the Clerk of the trial court to defray the cost of such transmission charges out of any available official funds subject to his care, custody and control and not from his personal or individual means.
Under the circumstances, failure to lodge the record in this court by the return date fixed by the trial court must be deemed attributable to the Clerk and not appellant. Therefore, the motion to dismiss the appeal is without merit. Johnson v. Patout, La.App., 199 So.2d 199; Verdin v. Thomas, La.App., 182 So.2d 571.
Accordingly, it is ordered, adjudged and decreed that the Honorable Benny A. Blakeman, Clerk, Sixteenth Judicial District Court, St. Mary Parish, be and he is hereby ordered, directed and commanded to forthwith transmit the record in this case to this court and to defray the cost of such transmittal out of official funds subject to his care, custody and control available for the purchase of postage used in the posting of official mail emanating from his office, or from other official funds under his care, custody and control available for payment of the expenses of operation of his office.
Motion to dismiss appeal denied.