234 So.2d 510 (1970)
F. C. DOYAL, Jr., Administrator of the Department of Employment Security of the State of Louisiana
v.
ROOSEVELT HOTEL and Leon Cazenave.
No. 3894.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1970.
Rehearing Denied May 4, 1970.
*511 Marion Weimer, James A. Piper and James A. McGraw, Baton Rouge, for plaintiff-appellant.
Philip Schoen Brooks, New Orleans, for defendant-appellee.
Steeg & Shushan, Donald A. Meyer, New Orleans, for defendant-appellant.
C. Paul Barker, Maurice S. Cazaubon, Jr., Dodd, Hirsch, Barker, Meunier, Boudreaux & Lamy, New Orleans, amici curiae.
Before BARNETTE, LeSUEUR and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
This is a case of first impression in the State of Louisiana. It involves but one issue, and that is whether or not certain gratuities or "tips" constitute "wages" within the contemplation of the Louisiana Employment Security Law (LSA-R.S. 23:1471 et seq.). This legislation was first referred to as the Louisiana Employment Compensation Law and was a part of the social legislation which was prompted by the desire for economic security which prevailed after the mass unemployment of the great depression of the 1930's. As an encouragement for the passage of this and similar acts throughout the states, the Federal Government provided certain inducements for the adoption of unemployment compensation programs in the form of offset for taxes paid by employers in furtherance thereof. (19 La.L.Rev. 448).
The statute sets up special funds available to and administered by the Administrator of the Division of Employment Security of the Louisiana Department of Labor. Each employer in the State of Louisiana who is regulated under the statute must pay designated percentage contributions (taxes) of "wages" paid by him to his employees. The unemployment compensation tax is paid solely by the employer and no part of the tax is permitted to be shifted to the employee. The Act sets out various formulas and requirements to enable a person who becomes unemployed to receive unemployment benefits during specified periods. It also provides procedural vehicles whereby unemployed persons may make claims for weekly benefits and sets up mechanics of appeal through an Administrative Appeal Tribunal, a Board of Review, and in the Courts.
The factual chronology of events leading up to this appeal are as follows: defendant-appellee Leon Cazenave, (hereinafter referred to as "claimant") whose last employer was defendant-appellant Roosevelt Hotel, (hereinafter referred to as "Hotel") filed a claim for unemployment benefits under the above referred to Act, and the Division of Employment Security (hereinafter referred to as "Agency") ultimately held that he was entitled to certain benefits based on his earnings as an employee of and as reported by his former employer, the Hotel. The claimant had worked as a waiter at the Hotel, and as such, received tips from the patrons of his employer's establishment as is usual and customary in this type of employment. The tips he received were his own. Not being satisfied with the amount of benefits awarded, he appealed to the Appeals Tribunal, giving no reason for his dissatisfaction. Based upon evidence adduced by the claimant, the Appeals Referee made certain findings of fact on the basis of which he concluded that the amount of claimant's weekly benefits as computed *512 by the Agency was erroneous and should be increased for the reason that in computing the amount of said weekly benefits, it had failed to take into consideration and to classify as wages paid to claimant, the amounts received by him as gratuities from the customers of the employer. These gratuities are known as and referred to in popular language as "tips". The Agency appealed the decision of the Appeals Referee to the Board of Review which in time affirmed the decision of the Appeals Referee. The Agency then filed a petition for judicial review with the Court below alleging in effect and as a matter of law that the decision by the Board of Review is erroneous for the reason that gratuities or "tips" are not wages earned within the contemplation of the Employment Security Act, and that the decision of the said Board of Review should be reversed and set aside, and the determination of the Agency with respect to the amount of the benefits to which claimant is entitled, be reinstated. After hearing, the lower Court affirmed the decision of the Board of Review, and ruled that tips in connection with claimant's employment constituted a part of his wages. From this adverse judgment the Administrator of the Agency, as well as the Hotel, have appealed.
This appeal involves only a question of law having to do with statutory construction.
LSA-R.S. 23:1532 reads as follows:
"§ 1532. Rate and base of contributions.
Each employer shall pay contributions equal to two and seven-tenths percentum of wages paid by him during each calendar year, except as otherwise provided in this Chapter."
We see from the above Section that the contribution to be paid by the employer is based on wages paid by him. This Section standing alone is clear and unambiguous to the extent that wages, whatever their nature, must be those that are paid by the employer. We must then examine the rest of the statute and particularly the Section defining wages to determine the status of tips received by the claimant, and whether or not such tips are to be considered as wages for purposes of the employer's tax contribution and the employer's consequent benefits.
As originally enacted under Act No. 97 of the 1936 Regular Session of the Louisiana Legislature, the Act contained the following language pertinent to the question of wages and the definition thereof, as follows:
"* * * (n) `Wages' means all remuneration payable for personal services, including commissions and bonuses and the cash value of all remuneration payable in any medium other than cash. Gratuities customarily received by an individual in the course of his employment from persons other than his employing unit shall be treated as wages payable by his employing unit. The reasonable cash value of remuneration payable in any medium other than cash, and the reasonable average amount of gratuities, shall be estimated and determined in accordance with rules prescribed by the commissioner."
It is apparent from a reading of the above section that the Legislature intended, notwithstanding any other language in the Act, that tips received by an employee from persons other than his employer were to be treated as wages payable by his employer, and further that any such tips were to be estimated and determined in accordance with administrative rules prescribed by the Commissioner. Additionally the section differentiated between "remuneration" and "gratuities" in the last sentence thereof.
The Act underwent numerous amendments in the following years, but later amendments, specifically Act No. 164 of the Regular Session of 1938, Act 16 of the Extra Session of 1940, Act 11 of the Regular Session of 1940 and Act No. 227 of *513 the Regular Session of 1946 left the provision defining "wages" substantially unchanged and continued to include and treat tips as wages.
Finally under Act No. 291 of the Regular Session of 1948 the section defining wages was amended to read as follows:
"* * * (n) (1) `Wages' means all remuneration for services, including commissions and bonuses and the cash value of all remuneration in any medium other than cash. The reasonable cash value of remuneration in any medium other than cash shall be estimated and determined in accordance with rules prescribed by the Administrator."
The 1948 amendment omits both the proviso that gratuities are to be treated as wages and the proviso that the average amount of said gratuities be estimated and determined by the employer according to rules prescribed by the Commissioner. Since 1948 the Legislature of Louisiana has made no change in the section defining wages and it now reads precisely as enacted by the amendatory act of 1948.
We believe that under the rules of statutory construction, the omission by the Legislature of the portion which included gratuities as wages indicates an intention on their part to change the law in that respect and is the last expression of its will on the subject.
It is a well established rule of statutory construction that the Legislature is presumed to have enacted a statute in the light of preceding statutes involving the same subject matter, and decisions construing such statutes and, where the new statute is worded differently from the preceding statutes, the Legislature is presumed to have intended to change the law. State ex rel. Clark v. Hillebrandt, 146 So.2d 718; (Third Cir.Ct. of App.,) affirmed 244 La. 742, 154 So.2d 384; State v. Wilson, 204 La. 24, 14 So.2d 873; Stewart v. Kahn, 11 Wall. 493, 78 U.S. 493, 20 L.Ed. 176. Accordingly we are satisfied that the Legislature by its 1948 amendment did not intend that gratuities or tips should be considered as wages for the purpose of determining contributions to be made by the employer and the amount of benefits to be received by the employee.
Appellee contends further that under the definition of wages under LSA-R.S. 23:1472, "`Wages' means all remuneration for wages including commissions and bonuses and the cash value of all remuneration in any medium other than cash * * *"; that such wording is a clear showing of the Legislature's intention to include any and all types of remuneration from whatever source derived; that it is well established that many waiters and waitresses are paid a low guaranteed weekly salary with the understanding that they will receive tips from customers for services rendered; and that the employer and the employee reasonably anticipate that their remuneration will come in large part from the customer. This is a forceful and equitable argument, but in view of the clear language of the statute, first, that the employer's contributions are determined by wages paid by him, (§ 1532, supra) and second, the Legislature's clear showing of its intention to omit gratuities as wages, we are not allowed to seek results which, although seemingly equitable, are contra to the clear and unambiguous language found in the statute which plainly sets out the intention of the Legislature. Neither do we agree, as suggested by appellee, that the word "gratuity" is synonymous with the word "remuneration" as included in Section 1472(20) (A). A gratuity is something given voluntarily or beyond obligation whereas a remuneration is a payment of an equivalent for services, loss or expense. We cannot synonymize the two words in view of their obviously different generic meanings.
Appellee also contends that the omission or deletion by the Legislature in the 1948 amendment of the language concerning gratuities does not manifest a clear intention to exclude tips from the determination of wages, since the legislature did *514 not specifically exclude tips or gratuities in Subsection (20) (C) of LSA-R.S. 23:1472. That Subsection merely states that "wages" shall not include payments made to or on behalf of an employee under an established plan established by the employer for a class or classes of individuals, including any amount paid by the employer for insurance or annuities, or into a fund to provide for any such payment on account of retirement, sickness or accident disability, medical and hospitalization expenses, or death,all under certain conditions. It states that wages likewise shall not include payments by the employer of certain taxes imposed upon the employee under the United States Internal Revenue Code and dismissal payments which the employer is not legally required to make. This exclusionary provision refers to specific payments made by the employer and cannot be construed to include the category of gratuities or tips paid by others, in view of the clear import of the legislative intent as indicated hereinabove. The legal maxim "expressio unius est exclusio alterius" expresses a rule of statutory construction and not of substantive law and serves only as an aid in discovering the legislative intent when it is not otherwise manifest, and is not applicable herein in view of our stated conclusions.
We have reached the conclusions stated herein only after first finding no prohibition thereto under certain Federal statutes. We recognize that under the Federal Social Security Act gratuities or tips do constitute wages and are subject to Federal income taxes. (See 42 U.S.C.A. § 409). To the same effect, under the Federal Insurance Contributions Act, there are provisions for the withholding of the employee tax on tips. (See 26 U.S.C.A. § 3102). These statutes are not "employment security laws" and the fact that they designate tips as constituting wages under their provisions, does not mean that tips are wages under the Louisiana Employment Security Act by virtue of Section 1472(20) (B) thereof. That Subsection of the Louisiana Act reads as follows:
"(B) * * * provided further, that on and after January 1, 1953, for the purpose of this Subsection, the term `employment' shall include services constituting employment under any employment security law of another state or of the Federal Government."
The Federal Unemployment Tax Act, 26 U.S.C.A. § 3301 et seq., is the employment security law of the United States Government and inasmuch as wages for services under that act must be treated as wages under our Louisiana Act (Subsection (20) (B)), we considered the status of tips thereunder. We found that wages under 26 U.S.C.A. § 3301 subject to the tax do not include tips or gratuities paid directly to an employee by a customer of the employer and not accounted for by the employee to the employer. Thus, under the Federal statute, if the employee accounts to the employer for tips and gratuities received directly from customers, such tips and gratuities are taxable under the Federal law. Under said Federal law gratuities are treated as wages for federal unemployment tax purposes only under circumstances resulting in "built-in" or "prearranged" wages. Examples of this would be where the employer makes a lump-sum payment for tips to the headwaiter in charge of a banquet with instructions to distribute such amount among the employees serving the banquet, leaving the amount which each employee shall receive solely to the discretion of the headwaiter, or where an employer guarantees his employee a fixed income consisting partly of remuneration paid by him and partly of tips. It is apparent therefore that gratuities are treated as wages for Federal Unemployment Tax purposes only under certain limited circumstances. In the case appealed herein, the facts show that the claimant received tips paid directly to him by customers of the employer and he did not have to account to the employer for same. Consequently the tips received by appellee herein would not be considered as wages under the Federal Unemployment Tax Act and accordingly Subsection (20) *515 (B) of the Louisiana Act would not be applicable.
In reaching a decision adverse to the claimant-appellee, we nevertheless feel that his position is an equitable one and that notwithstanding the legal mandates that we find ourselves adhered to, that his tips are an integral part of his livelihood. The solution to the problem presented herein however is one which must be addressed to the Louisiana Legislature for relief and not one which this court may grant.
For the reasons assigned, the rulings of the Appeals Referee and the Board of Review as well as the judgment of the lower court are reversed and set aside, and the original determination of the Division of Employment Security of the State of Louisiana is reinstated. Costs in both courts to be assessed against claimant-appellee.
Reversed and rendered.
PER CURIAM.
It has been called to our attention that we were in error in assessing costs in both courts to the claimant-appellee, Leon Cazenave. Accordingly that portion of our decree is recalled and set aside. LSA-R.S. 23:1692.
Decree amended.