Dear Mr. Hamilton:
This office is in receipt of your request for an opinion of the Attorney General in regard to witness fees for law enforcement officers and fire service personnel. Attached to your request is a memorandum from the Chief of Police of the Baton Rouge Police Department (BRPD) to his personnel stating it has come to his attention that the Department should be reimbursed when it pays officers overtime who are subpoenaed for Civil Service hearings. The memorandum states that "any officer who desires to appeal a suspension or other action must pay $40.00 for each subpoena he or she issues." The memo indicates since all officers are compensated by their governmental employer through overtime or regular pay the $40.00 checks should be made out to the department, and will be used to offset the costs to the Department for the overtime and regular duty salary. This has caused concern to the Municipal Fire and Police Civil Service Board (MFP) and the following questions are presented:
 1. Should the $40.00 fee provided for in R.S. 13:3662 be paid to law enforcement officers of fire service personnel who are subpoenaed by any party to appear before the MFP in matters under their jurisdiction;
 2. If a fee is due is it correct that the $40 check be made out to the Police Department; and
 3. Is the requirement to pay $40 for each subpoena issued to a law enforcement officer or a fire service personnel unconstitutional because it would act as a financial deterrent to the exercise of due process rights of personnel to exercise the right to an appeal.
You recognize that R.S. 13:3662 provides that each law enforcement officer or fire service personnel "who, because of his official capacity, is required to be present as a witness in any civil case or in any administrative hearing" shall be paid an appearance fee of forty dollars per day per case or per hearing. However, you state that you do not believe an appearance to the Civil Service Board inquiry constitutes an appearance in an "official capacity", and the provisions of R.S.13:3662 do not apply unless it can be shown that the individuals are appearing in connection with their official job duties as opposed to an appearance because they were present when a conversation took place or witnessed an event or were involved in facts which lead to the determination that some sort of discipline was appropriate.
We find nothing which discusses what constitutes an appearance "because of his official capacity." However, we find in an old opinion of this office, Atty. Gen. OP. 1944-46, p. 1102, support for your view. Therein the statute is opposite to that presented herein inasmuch as it prohibited allowance of any compensation to the sheriff or deputy sheriff while attending court. It was concluded this does not absolutely prohibit them from receiving compensation as a witness in a criminal case. It was felt there was a prohibition to any fee for testifying as to any information which came to his knowledge by reason of his official position or for testifying in court in any event where his attendance in court is required as a part of his regular duties. However, it was stated, "On the other hand, where the attendance of the officer in court is not otherwise required and he is to testify to facts to which his knowledge has not been derived because of his official position, then fees could be allowed to him."
We feel applying this logic to your situation would require a determination if the law enforcement officer or fire personnel was required to appear to testify to knowledge he acquired by reason of his "official capacity", or to knowledge unrelated to his duties but obtain in his individual capacity as any other citizen who would be testifying.
In those instances where the appearance is in the individual's official capacity the $40 fee must be paid in accordance with R.S. 13:3662. However, the memorandum from the Chief of Police provides that the Department should be reimbursed when it pays officers overtime who are subpoenaed, and directs any officer who desires to appeal a suspension or other action to pay $40 for each subpoena he or she issues by check to the department to offset the costs for the overtime and regular duty salary that are paid by the employer.
As you observe, the statute mandates if the officer is not being compensated by his governmental employer "the custodian will pay the appearance fee directly to the officer", but if the officer is being compensated by his governmental employer during the period of his appearance, "the custodian shall pay the appearance fee to the officer's governmental employer". We find under the statute the fee shall be paid to the officer or agency responsible for effecting service of process of the subpoena "herein referred to as the custodian".
While the result as directed by the Chief of Police may be the same, we believe the obligation is to conform to the statute, especially if there is a question regarding whether the appearance is in the official capacity or not so as to require the payment.
We do not feel the requirement of payment of the forty dollars is an unconstitutional burden on the appellant's due process rights any more than any other requirement of payment on appeal. We note in State ex rel Clark v. Hillebrandt, 244 La. 742, 154 So.2d 384, the Supreme Court held the legislature did not intend that suitors in forma pauperis would be exempt from depositing with the clerk the necessary funds to pay the expenses and fees of the witnesses summoned by them. Subsequently, in Joiner v. Downey, 383 So.2d 93 (La.App. 1980) the court noted a possible conflict between C.C.P. Art. 1353
which requires pre-payment of witnesses fees and C.C.P. Art.5185 which grants the right in forma pauperis to compulsory attendance of witnesses without the necessity of pre-paying the witness fees. However, the court held C.C.P. Art. 5185 as an exception to the general rule established in C.C.P. Art. 1353
and in all cases in which pauper laws are not invoked it would apply.
There is a presumption of constitutionality, and we cannot agree that the requirement of payment of witness fees is unconstitutional as a financial deterrent to the exercise of statutorily granted due process rights.
We hope this has sufficiently answered your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR