Dear Representative Downs:
You have asked this office to advise you whether the elected Sheriff of Union Parish may also serve as a member of the Union Parish Detention Center Commission.
We first direct your attention to the provisions of LSA-R.S.15:850.3(A) which set forth the membership of the Union Parish Detention Center Commission and provide in pertinent part:
§ 850.3. Union Parish Detention Center Commission members
 A. The Union Parish Detention Center Commission shall be composed of the president of the Union Parish Police Jury during his tenure as such; a member of the police jury, other than its president, who shall be selected by a majority vote of the Union Parish Police Jury for a term of four years or until said juror's term of office ends, whichever occurs first; the sheriff of Union Parish; the district attorney of Union Parish; and the chief of police of the city of Farmerville. . . .
 Membership upon the board constitutes appointive office for purposes of the Dual Officeholding and Dual Employment Laws, LSA-R.S. 42:61, et seq. See R.S. 42:62(2).[1] Note also that R.S. 42:63(C) prohibits one from holding full-time appointive office and local elective office, but does not prohibit one from holding elective office and part-time appointive office.[2] As the position with the Commission constitutes part-time appointive office, the prohibition is inapplicable.
Under fundamental principles of statutory interpretation, a specific statute controls over a general statute, and the later expression of the legislative will controls over a prior expression. Doyal v. Roosevelt Hotel, 234 So.2d 510 (La.App. 4th Cir. 1970); Louisiana Civil Service League v. Forbes,246 So.2d 809 (La. 1971); Stein v. Town of Lafitte, 266 So.2d 522
(La.App. 4th Cir. 1972). As R.S. 15:850.3
was enacted by Act 539 of the 1989 Regular Legislative Session, it proves controlling over any conflict of the dual officeholding laws as the latest expression of legislative will, as the dual officeholding laws were enacted by Act 700 of the 1977 Regular Legislative Session.
Finally, note that there is a bill pending in the legislature which would remove the sheriff of Union Parish from membership on the Union Parish Detention Center Commission. See H.B. 225, 2005 La. Regular Legislative Session.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 42:62(2) defines appointive office as: R.S. 42:62(2) as: any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
[2] R.S. 42:63(C) states, in pertinent part: No person holding an elected office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.