McCALEB, Justice.
 

 Forty-one plaintiffs brought twenty-six ■separate suits in forma pauperis before the Eighteenth Judicial District Court for the Parish of Pointe Coupee for the recovery •of damages allegedly sustained by them as the result of the acts of the defendants •(some of whom are relators herein) in .allegedly destroying and desecrating a burial ground in which plaintiffs claim to have an interest. The suits were consolidated for trial by the judge and, after issue had been joined by answer, Laurie S. Mobley, Helen Nelson Mobley and Southern Farm Bureau Casualty Insurance Co., •defendants and the relators herein, moved that the cases be fixed for trial at the earliest available date on the court’s trial •calendar.
 

 The judge denied the motion. In his assigned written reasons, the judge stated that, forasmuch as counsel for the plaintiffs had previously indicated that he would insist that the Clerk of Court of Pointe Coupee Parish is obligated to have the trial testimony taken and transcribed by a •court reporter in order that it may be available in the event plaintiffs desired to appeal from the court’s judgment, he would not hear the case unless this court directed him by writ of mandamus to do so and further answer certain questions posed by him concerning the rights of the plaintiffs, proceeding in forma pauperis, to have the testimony taken and transcribed by a court reporter at the expense of the Clerk of Court or the Parish in which the suit is pending and whether the witnesses’ fees and the jurors’ per diem (plaintiffs have requested a trial by jury) would be required to be advanced by the Parish.
 

 Complaining of the judge’s action in the premises, relators applied for remedial writs. On the showing made, an alternative writ of mandamus issued ordering the judge to assign the consolidated cases for trial within a period of 30 days, and to issue all necessary orders to insure the reporting of the verbal testimony to be taken at the trial, or to show cause to the contrary.
 

 The judge did not comply with the order but, instead, filed his return to the writ in which he points out that, since an official court reporter has not been appointed in the Eighteenth Judicial District, it is not incumbent upon him to order the Clerk of Court or the Police Jury of the parish to .expend either personal or public funds to defray the expenses of taking and transcribing testimony in a civil jury trial to be held in the parish even though the plaintiffs are suing in forma pauperis.
 

 We think the judge erred in not complying with relators’ request to place
 
 *961
 
 the case on the trial calendar. The reason assigned by the judge — that plaintiffs’ counsel is demanding that a court reporter be employed to take down and transcribe the trial evidence — affords no basis for the denial of a hearing when a case is at issue. And, were it not for the fact that relators are presently insisting that the judge should be ordered to have the testimony to be taken in these cases reported by a stenographer (and have obtained an alternative order from this Court to that effect), it would be superfluous to engage in a discussion of the contentions originally advanced by plaintiffs’ counsel which prompted the judge to refuse to docket the case for trial.
 

 In his return, the judge tells us that no official court reporter has been appointed in the Eighteenth Judicial District Court as authorized by R.S. 13:961. Hence, he contends that he is without right to require either the Clerk of Court or the Police Jury of the Parish of Pointe Coupee to furnish a stenographer to take down the testimony to be adduced at the trial of the pending cases. He further sets forth that he has complied with the applicable law (Article 601 of the Code of Practice) by offering to order the Clerk of Court to take the testimony in longhand but that his offer has been rejected both by counsel for relators and counsel for the numerous pauper plaintiffs herein.
 

 The position of the judge on this phase of the matter is well taken. While the forma pauperis statute, R.S. 13:4525, grants to indigent persons the right to litigate without advancement of costs and makes available to them all of the services “ * * * required by law in any legal proceedings, by sheriffs, clerks of court, court reporters and witnesses in any parish where any part of the proceedings are being conducted * * * ”, a suitor in forma pauperis is not accorded greater legal services and facilities than those available to any other suitor in the judicial district where the proceedings are held. Thus, in a judicial district in which no official court reporter has been appointed as provided by R.S. 13:961, neither the paying suitor nor indigent suitor can require the judge to furnish the services of a stenographer. In such instances, the recording of testimony is governed by Article 601 of the Code of Practice which provides that “Either party may require the clerk to take down the testimony in writing, which shall serve as a statement of facts, if the parties should not agree to one.” See also Articles 602 and 603 of the Code of Practice.
 

 In this matter, the judge adhered to the law by offering to order the Clerk of Court to take down the testimony in longhand and, if relators are not satisfied, they, of course, have the right to employ a stenographer at their own expense.
 

 Williamson v. Enterprise Brick Co., 190 La. 415, 182 So. 556, cited by relators, does
 
 *963
 
 not support their position. That case merely holds that suitors in forma pauperis are entitled to all of the court services available under the law. As above stated, the provisions of the Code of Practice control in districts in which a court reporter has not been appointed.
 

 On the other hand, since R.S. 13 :- 4525 entitles a suitor in forma pauperis to all of the services required by law in any legal proceeding, we think it clear that payment of witnesses’ fees and the jurors’ per diem should be advanced by the Police Jury of the Parish in which the trial is held. While it is true that the paupers’ act also declares that “ * * * no public officer shall be required to incur any cash outlay by reason of the provisions of this section” we construe that proviso to apply to the officers’ own funds and not to any public funds which
 
 must
 
 be advanced by the Parish in which the trial is held in order for the pauper to obtain the rights accorded by the statute. Cf. Williamson v. Enterprise Brick Co., supra.
 

 When relators filed their application for remedial writs, they were required to advance filing fees as though 26 separate suits were involved and, upon the granting of the remedial writ, additional deposits were made of $20 in each consolidated case, the total' advanced costs amounting to $650. Contending that this is but one writ for which the fee's chargeable by law (R.S. 13:126) are $25, 'relators move that' the Clerk of Court be ordered to refund the excess deposit.
 

 The motion is well taken. Whereas the Clerk of Court has been instructed to require applicants for writs or appellants in consolidated cases to deposit a separate filing fee for each case sought to be reviewed, even though only a single writ is applied for or one appeal filed in such matters, those instructions are not applicable, in a matter like this, where relators are seeking to have the judge assign a number of cases consolidated for trial by him to the trial calendar. In this instance, relators are not asking this Court to review a final disposition of the judge in a number of separate but consolidated cases; they merely seek to coerce the judge with respect to an interlocutory order he has rendered in the consolidated cases which are to be heard before a jury in a single trial in his court; there is only one ruling complained of from which a single application for writs was taken. Accordingly, the Clerk of Court is directed to refund relators the excess of their deposit.
 

 The writ of mandamus heretofore issued is made peremptory insofar as it orders the judge to assign the above entitled consolidated cases for trial but, in all other respects, the'writ is recalled and the application of relators is dismissed.