TATE, Judge.
This is a suit in tort to recover for personal injuries sustained by the plaintiff Cryer when he was struck by a truck driven by the defendant Ring. Made defendants are Ring and others allegedly liable for the negligent operation of Ring’s truck.
The trial court dismissed the suit. The issues raised by Cryer’s appeal are essentially factual.
At the time of the accident, the plaintiff Cryer was acting as flagman for a highway department crew which was engaged in highway repairs. The plaintiff’s head was struck by a rear view mirror attachment projecting from the right side of the defendant Ring’s truck. Cryer contends that his injuries resulted because the defendant Ring negligently approached too close to him, in violation, further, of a highway repair sign indicating one-way traffic at the site.
*452 The trial court, however, accepted the testimony of the defendant Ring and of an oncoming truck driver who was the only eye-witness of the accident. According to these witnesses, the plaintiff Cryer sig-nalled the defendant Ring to proceed, but, as Ring’s truck was passing, Cryer stumbled and fell forward against the projection from the truck. Under this version of the accident, of course, the defendant Ring was free of negligence and the sole cause of the accident was Cryér’s fall from a place of safety into the path of the projecting truck attachment.
We find no reversible error in the factual determination by the trial court in accepting the defendant’s version of the accident as correct.
While Cryer’s able counsel points out certain discrepancies in the testimony of the defendants’ witnesses, we do not find these discrepancies to be so material or so evidently false as to cast doubt upon the essential truthfulness of their testimony. Likewise, none of the plaintiff’s fellow employees actually saw the plaintiff at the time of the accident; their testimony as to his general method of flagging cars that morning, while persuasive in support of the plaintiff’s version of his actions prior to the accident, nevertheless does not actually controvert the testimony of the defendant’s witnesses that the accident was caused by the plaintiff’s stumble into the path of the defendant Ring’s truck.
It is well settled that factual determinations of the trial court will not be disturbed upon review in the absence of manifest error. And, if it is urged that the trial court was in no better position than is this court to evaluate the credibility of the defendants’ witnesses (who testified by deposition), nevertheless the trial court’s determination is also to some extent based upon an evaluation of the testimony of the plaintiff himself, who testified in person.
Further, the presumption on appeal is that the district court judgment is correct and decided according to law, so that the ■appellant has the burden of showing the contrary. Dupuy v. Iowa Mutual Ins. Co., La.App, 1 Cir., 113 So.2d 830 and cases therein cited. While the plaintiff-appellant has made out a persuasive case, he has not borne his burden of showing that the trial court erred in accepting the testimony of the defendants’ witnesses and in rejecting the contrary testimony of the plaintiff himself.
For the foregoing reasons, the judgment of the trial court dismissing the plaintiff’s suit is affirmed, at the cost of the plaintiff-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.