FRUGÉ, Judge.
This is a tort action resulting from an accident which occurred in Acadia Parish on December 8, 1958.
Plaintiff Henry Miller was employed as a truck driver by Lewis Cook. On the day of the accident plaintiff drove his employer’s truck to a rice drier to pick up a load of rice. Plaintiff drove the truck under the chute and got in the bed of the truck to spread and level the rice as it flowed from the chute. When the front of the bed of the truck was filled, plaintiff got down and moved the truck so that the loading chute was over the rear half of the bed of the truck. Plaintiff then got back in the bed of the truck and again leveled the rice as it flowed from the chute. When the truck was filled plaintiff told the operator of the chute, Eustis Dartez, to turn off the switch and discontinue the flow of rice. Dartez turned off the switch and then proceeded to move the truck from under the chute. As a result of the truck being moved, plaintiff, who was still standing on top of the bed of rice, was struck by the loading chute and knocked from the truck.
Plaintiff brought suit against Crowley Rice Drier Co-op, Inc., and its liability insurer, Bituminous Casualty Corp., for damages allegedly sustained as a result of the accident. The defendants filed a third party action against Lewis Cook, plaintiff’s employer and owner of the truck, against the insurer of the truck, Central Mutual Insurance Co., and against Eustis Dartez. Hartford Accident & Indemnity Co., compensation insurer of Lewis Cook, filed an intervention for recovery of money paid by it to plaintiff in the form of workmen’s compensation.
The district court rendered a judgment in favor of the defendants. From this judgment plaintiff appeals. In their answer to the appeal defendants reassert their demands against third party defendants Eustis Dartez and Central Mutual Insurance Co.
*157 The district judge who decided the case did not preside at the trial. Plaintiff takes the position that under such circumstances this Court is not bound by the doctrine that findings of fact by trial courts will be overturned only when the trial court commits manifest error. But conceding this to be the rule, there is still a presumption on appeal that the district court judgment is correct and decided according to law, and the appellant has the burden of showing the contrary. Cryer v. Ring, La.App. (3rd Cir.), 149 So.2d 451. In the case before us the appellant has not overcome this presumption.
The district court found that there was no negligence on the part of Dartez in moving the truck as he did. It further stated that even if it could be found that Dartez was negligent to some degree it would be difficult to conclude that plaintiff was not guilty of contributory negligence.
Plaintiff and Dartez were the only witnesses testifying as to the facts surrounding the accident. The version of the accident given by each is somewhat different.
Plaintiff testified that after he told Dartez to cut off the switch of the loader Dartez came to plaintiff and said that he would move the truck. Plaintiff stated that he immediately told Dartez that he was not ready for the truck to be moved. Plaintiff testified that Dartez disregarded plaintiff’s request and got in the truck and moved it anyway, causing plaintiff to be injured. On cross examination plaintiff testified that he did see Dartez get into the truck and did hear the motor of the truck start running. However, plaintiff stated that he thought that Dartez would not move without being told to do so by plaintiff.
Dartez testified that he told plaintiff that he was going to move the truck. He denied that plaintiff told him not to move it. Dartez stated that it was the usual procedure for the operator of the chute to move the truck from under the chute as was done in this instance. He said that he did nothing out of the ordinary in this particular situation.
Defendant called other- witnesses who testified that it was customary for the operator to drive the truck from under the chute as Dartez did in this situation.
The record shows that plaintiff was an experienced truck driver and had been on the premises where the accident occurred on previous occasions. He was well aware of the procedures of the rice co-op in loading rice into the trucks. He knew of the dangers involved under these circumstances and should have realized that Dartez was going to move the truck as was the ordinary practice.
The district court was not erroneous in holding that there should be no recovery in this case.
For the foregoing reasons the judgment of the district court is affirmed. Plaintiff is assessed costs of this appeal.
Affirmed.