189 So.2d 742 (1966)
SO-CAM, INC., d/b/a Southern Camera Service
v.
Wilbur D. ATKINS, Jr.
No. 6847.
Court of Appeal of Louisiana, First Circuit.
July 8, 1966.
Rehearing Denied September 19, 1966.
Writs Refused November 7, 1966.
*743 Wilbur D. Atkins, Baton Rouge, for appellant.
Melvin A. Shortess, Baton Rouge, for appellee.
Before LOTTINGER, LANDRY, REID, BAILES and LEAR, JJ.
LANDRY, Judge.
Defendant herein, Wilbur D. Atkins, Jr., has taken this appeal from the judgment of the trial court in favor of plaintiff, So-Cam, Inc., d/b/a Southern Camera Service (So-Cam). After the appeal was lodged in this court, it was discovered that the record contained no transcript of the evidence adduced at the trial in the lower court.
Upon the representation of appellant to the effect the testimony of the witnesses was recorded by the Clerk of the City Court but that the judge of the trial court refused to order its transcription and inclusion in the record lodged in this Court, we issued an alternative writ of mandamus to our worthy colleague below directing that he either order the testimony transcribed and filed as part of the record lodged in this court or show cause to the contrary.
In his application for the aforementioned writ relator recites that prior to commencement of trial below, counsel for both parties requested the testimony be recorded in the event either litigant desired to appeal and the trial court so ordered. The application further relates that pursuant to the order of the trial court, the testimony was taken on an electro-magnetic-belt recording device by the Clerk of the City Court. Relator further recites that upon discovering that the record lodged in this court did not include a transcript of the testimony, he applied to the trial court to direct the Clerk of the lower court to transcribe the evidence and include a copy thereof in the record herein, which request was denied.
In answer to the application for writs made herein, learned counsel for plaintiff-appellee has responded to the effect that in the course of the trial below neither counsel of record requested that the testimony be taken down as contended by counsel for relator. Counsel for appellee further avers that during the course of the trial the Clerk of the City Court notified all parties she did not take shorthand and could not record the testimony but that she would *744 take the testimony on a recording device for the convenience of the court in the event the trial judge desired to refresh his memory on any point. Finally counsel represents that the trial judge expressly informed all parties the testimony would not be taken down as the Clerk was not proficient in shorthand.
Our learned colleague of the trial court responded substantially to the same effect as counsel for appellee. He states that no request was made by either party that the evidence be recorded and, at the commencement of trial, he informed all parties the Court had no regular court reporter to take down the evidence to be offered. He further states that at his direction certain portions of the evidence were recorded by the minute clerk on a mechanical device solely for the use and convenience of the Court. After the proceedings were concluded the recordings made were destroyed in that the "belts" on which the testimony was taken were re-used in another matter thus erasing and obliterating therefrom such portions of the evidence as was thusly recorded in the case at bar. Finally, he states that at no time was he requested by counsel for relator to make a written narrative of the facts.
From the foregoing it appears we are herein concerned with an appeal in which the record lodged in this court contains no transcript of testimony or narration of facts agreed to by the attorneys of record or stipulated by the trial court in the absence of such agreed statement.
With regard to the taking of testimony in a trial court, the law of this state has long been settled to the effect that either party to a trial may require the Clerk of Court to take down the testimony in writing, which means in longhand. Hartford v. Mobley, 233 La. 956, 98 So.2d 250. The rule established in the Mobley case and the innumerable decisions which preceded it was codified in the form of Article 2130 and 2131 LSA-C.C.P.
It has likewise been held that in a court which has no salaried court reporter, no litigant, including one authorized to sue in forma pauperis, is entitled to the services of a professional court reporter at the expense of the Clerk of Court or the parish in which the action is tried. Hartford v. Mobley, supra.
In the absence of the testimony being taken by a court reporter or recorded by the Clerk in longhand, Articles 2130 and 2131 LSA-C.C.P. provide that the testimony adduced at the trial may be presented to the appellate court either by an agreed statement of fact entered into by the parties or in the event of their failure to agree, a written narration of fact procured from the trial judge.
From the answer filed by respondent judge herein, we conclude that no request was made by counsel for relator that the testimony be either recorded at the relator's expense or taken by the Clerk in longhand, consequently relator must be held to have agreed to trial without the testimony being taken for perservation in the event of appeal.
There being no written transcription available in this matter, it was incumbent upon appellant to comply with the provisions of LSA-C.C.P. Articles 2130 and 2131 and submit as part of the record on appeal either an agreed narration of fact entered into by the parties, or in the event of their failure to agree, a narration thereof by the trial court. This relator-appellant has failed to do.
It has long been the settled law of this state that where on appeal a record contains neither a transcript of testimony nor an agreed statement of fact entered into by the parties, or in the absence of such agreed stipulation of facts, a narration of facts by the trial court, the appeal must be dismissed. Williamson v. Enterprise Brick Co., 190 La. 415, 182 So. 556; Hydrotex Industries v. Cartwright, La.App., 45 So.2d *745 93; American Adjustment Co. v. Batiste, La.App., 79 So.2d 337.
Accordingly, it is ordered, adjudged and decreed that the alternative writ of mandamus issued herein to the Honorable Thomas B. Pugh, Judge of the City Court of the City of Baton Rouge, be and the same is hereby recalled, annulled, vacated and set aside and relator's appeal dismissed at relator's costs.
Appeal dismissed.