HOOD, Judge.
Plaintiff, Wade E. Plauche, sues defendant, Forrest W. Derouen, for an amount allegedly due on a promissory note. Judgment was rendered by the trial court in favor of plaintiff for the amount demanded, and defendant has appealed.
After the record was lodged in this court plaintiff filed a motion to dismiss the appeal, based on allegations that the evidence taken on the trial of the case was not transcribed and is not of record, and that there is nothing of record from which the defendant can appeal. The case is before us on that motion to dismiss and on the merits.
ON THE MOTION TO DISMISS
The return date of the appeal was on September 26, 1966, and the record was lodged in this court on that date. The motion to dismiss the appeal was filed on November 10, 1966, which was after the three day period allowed by LSA-C.C.P. art. 2161 for filing such a motion. Since the motion to dismiss was not timely filed, it is hereby denied. See Securities Finance Company v. White, 169 So.2d 189 (La.App. 1st Cir. 1964); Clark v. Richardson, 157 So.2d 325 (La.App. 3d Cir. 1963).
ON THE MERITS
The record contains the pleadings of the parties, a copy of the minutes of the court, the original promissory note on which the ■suit is based, the judgment rendered by the trial court, and an appeal bond. The minutes show that a trial was held, but the record does not contain a transcript of the testimony taken at that trial or a narrative of the facts by the parties or by the trial judge. Also, the record shows that the trial judge did not assign written reasons for judgment.
Our law provides that where the •evidence has not been reduced to writing, the parties may agree to a narrative of the facts, or, in case of disagreement or refusal to join in such a statement, the judge must make a written narrative of the facts. See LSA-C.C.P. art. 2131. In such a case, where a judgment has been rendered and no note of evidence had been made at the time of the trial, it is incumbent on the party desiring to appeal to make up his record by securing a narrative of the facts in accordance with the provisions of LSA-C.C.P. art. 2131. See Chapman v. Lalumia, 154 So.2d 93 (La.App. 4th Cir. 1963); Frederick v. Popich Marine Construction, Inc., 136 So.2d 423 (La.App. 1st. Cir. 1961); and Gauthier v. Williams, 146 So.2d 65 (La.App. 1st Cir. 1962).
In the instant suit there is no showing that either party ever requested or required the clerk to cause the testimony to be taken down in writing and transcribed, as authorized by LSA-C.C.P. art. 2130. The appellant did not request the other party to join him in a written and signed narrative of the facts, and the trial judge was not asked to make such a narrative of the facts, as provided in LSA-C.C.P. art: 2131. And, the appellant did not request that the court give in writing its findings of facts and reasons for judgment, as authorized by LSA-C.C.P. art. 1917. The fact that the record in this case does not contain a transcript of the testimony or a written narrative of the facts or a statement of the trial judge’s findings of fact, is due entirely to the fault of the defendant-appellant in failing to obtain such transcript or narrative. Under those circumstances, the case will not be remanded but it will he decided on the basis of the record which is before the court. Chapman v. Lalumia, supra; Frederick v. Popich Marine Construction, Inc., supra.
The promissory note which is contained in the record was executed by Derouen, and it is payable on demand to the Calcasieu Marine National Bank of Lake Charles. The note has been endorsed by the payee, without recourse, and made *920 payable to the order of plaintiff. It is for the principal sum of $568.12, but payments shown on the back of the note indicate that the principal balance has been reduced to $468.12, which is the principal amount of the judgment. This note, in'itself, constitutes sufficient evidence to make out a prima facie case in favor of plaintiff.
We understand from defendant’s brief that at the trial he presented evidence tending to show that he executed the note as agent for a corporation, and that any indebtedness owed on the note is due solely by that corporation. No such defense was pleaded by defendant, and since the evidence was not taken down in writing and transcribed there is nothing in the record which in any way tends to support the position taken by him. The record in its present form shows clearly that the judgment was rendered in accordance with the evidence.
Also, the trial judge heard the evidence and it must be presumed that there was sufficient evidence before him to warrant the judgment. The presumption on appeal is that the judgment rendered by the trial court is correct and was decided according to law, and the burden is on the appellant of showing the contrary. Cryer v. Ring, 149 So.2d 451 (La.App. 3d Cir. 1963, Cert. denied); Miller v. Bituminous Casualty Corporation, 163 So.2d 155 (La.App. 3d Cir. 1964); Chapman v. Lalumia, supra; Frederick v. Popich Marine Construction, Inc., supra. As we have already pointed out, the appellant has not shown that the trial judge erred in rendering the judgment appealed from, and thus he has not met the burden which rests on him of showing the incorrectness of that judgment.
In view of this presumption of correctness, and the fact that the record as presently constituted shows that the evidence supports the judgment which was rendered, we have concluded that the judgment must be affirmed.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.