GARDINER, Judge.
We exercised our supervisory jurisdiction in this matter upon relator’s application and attached pleadings showing that, after trial of the suit brought by plaintiff (relator) in forma pauperis against defendant corporation for workmen’s compensation, etc., the trial judge dismissed his suit, but that he is unable to perfect his appeal from that judgment because of the fact that the Court Reporter refuses to file the testimony *610 without prepayment of costs (LSA-C.C.P. art. 5185).
We issued a rule to Leonard J. Bossier, Court Reporter, to show cause why he should not file in the office of the Clerk of the 25th Judicial District Court, the complete transcript of testimony which he had taken in the proceedings in the lower court for completion of the transcript of appeal to this court.
From respondent’s response to the rule nisi it is shown that the reporter is not the official court reporter of the said court. Counsel for respondent also states that the reporter was employed by defendant in the case to take down and transcribe the testimony in the event it was cast in judgment. Subsequent to the rendition of judgment, counsel for relator requested the reporter to furnish him with a transcript of the testimony which the reporter refused to do without prior payment for his services inasmuch as he could not look to any parish official for such payment.
Respondent alleged that the Parish of St. Bernard has never exercised the authority provided by law for the appointment of an official court reporter. The presentations made by counsel on behalf of respondent in his answers, together with the attached affidavit and letters, assert that the reporter in this matter was not acting as the official court reporter of the parish under the provisions of LSA-R.S. 13:961- and he, therefore, cannot be compelled to furnish the transcript to complete the record without prepayment therefor to him by plaintiff-appellant. His response raises questions of fact which, if denied, should be resolved by the trial court.
It may be that relator has a right to have the record of the testimony heard on the trial reduced to writing and presented to this court as a “narrative of the facts,” if he is unwilling to pay defendant’s reporter. LSA-C.C.P. arts. 2130, 2131. See Hartford v. Mobley, 233 La. 956, 98 So.2d 250.
The writ of mandamus heretofore issued is recalled and the application of relator is dismissed.
Writ recalled, application dismissed