ON MOTION TO DISMISS APPEAL
DOMENGEAUX, Judge.
Plaintiff-appellant (defendant in recon-vention), Sammy’s Motors, Inc., has appealed a judgment of the Lake Charles City Court. The record was lodged in this court on January 27, 1972. The motion with which we are herein concerned was timely filed on February 1, 1972. See LSA-C.C.P. 2161.
Appellee bases his motion to dismiss the appeal on appellant’s non-compliance with *682 Articles 2130 and 2131 of the Code of Civil Procedure, in that the record lodged does not contain any transcribed testimony or narrative of facts.
Articles 2130 and 2131 LSA-C.C.P. set out clearly the avenues upon which parties may venture in constructing a record of the evidence tendered at trial. They are as follows:
Art. 2130. Record on appeal; statement of facts
A party may require the clerk to cause the testimony to be taken down in writing and this transcript shall serve as the statement of facts of the case. The parties may agree to a narrative of the facts in accordance with the provisions of Article 2131.
Art. 2131. Same; narrative of facts
If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.
In addition to the alternative methods of constructing a record as set out in the above two articles, our jurisprudence allows a record to be considered on appeal in two other situations considered to be in substantial compliance with those requirements. The first is illustrated in the case of Gulfco Finance of Livingston, Inc. v. Lee, La.App., 221 So.2d 886, wherein the First Circuit Court of Appeal denied a Motion to Dismiss where the only record made was a stipulation by counsel wherein they agreed to certain statements and admissions as to what the testimony of certain witnesses would have been, had they been called to testify at the trial. The second arises when the trial judge incorporates in his written reasons a synopsis of the testimony adduced and his appreciation of the facts involved in the case. Such was held to so comply with the requirements of the two procedural articles in Succession of Seals, La.App., 142 So.2d 629; and Gulling v. E. I. DuPont de Nemours and Company, La.App., 228 So.2d 750.
When none of the methods for rec-ordation of evidence above referred to have been utilized, the appellee may move to dismiss the appeal on the proposition that it is incumbent upon the appellant to specify errors made at the trial court level and that this specification is not possible if the appellate court has no way to review the facts of the case. Omaha Steaks International v. Progressive Motor Hotel, d/b/a Oak Manor Motor Hotel, 212 So. 2d 558 (La.App. 1st Cir., 1968); Clark v. Richardson, 157 So.2d 325 (La.App. 3rd Cir., 1963); Plauche v. Derouen, 193 So.2d 918 (La.App. 3rd Cir., 1967); So-Cam, Inc., d/b/a Southern Camera Service v. Atkins, 189 So.2d 742 (La.App. 1st Cir., 1966); Motion Picture Advertising Corp. v. Smith, 207 So.2d 847 (La.App. 1st Cir., 1968).
In this case the record contains no transcript, narrative of facts or stipulations. The result of this vacuity is an absence of substantial material testimony upon which we may base a decision. For that reason, the appeal taken by Sammy’s Motors, Inc. is dismissed at its costs.
Appeal dismissed.