264 So.2d 591

Angeline PAIGE

v.

Dennis TREGRE.

No. 52342.

June 29, 1972.

Dissenting Opinion July 6, 1972.

Rehearing Denied July 31, 1972.

DeBlieux, Guidry & Lowe, Foye L. Lowe, Jr., Baton Rouge, for plaintiff-applicant.

I. G. Olinde, Clerk of Court, in pro. per., Robert Scott McIntosh, II, New Orleans, for defendant-respondent.

SANDERS, Justice.

The narrow question presented in this workmen's compensation case is procedural: May the indigent plaintiff, who retained a private court reporter to take evidence at the trial, require the Clerk of Court to defray the cost of transcribing the evidence for use in the Court of Appeal? The Court of Appeal ruled that she may not.[1] We affirm.

Angeline Paige brought a workmen's compensation proceeding in the Eighteenth Judicial District Court for Pointe Coupee Parish, seeking benefits for the accidental death of her husband. Because of the affidavits of indigency attached to the petition, the judge authorized filing of the suit in forma pauperis. After being advised by letter from the Clerk of Court that the Eighteenth Judicial District Court had no regular court reporter, plaintiff's counsel contracted with a private court reporter in Baton Rouge to take the testimony at the trial. The trial judge dismissed plaintiff's suit. Plaintiff took an appeal to the First Circuit Court of Appeal. Plaintiff unsuccessfully sought an order in the District Court to require the Clerk of Court to supply the transcription of the evidence. The Court of Appeal also denied the relief, relying upon Hartford v. Mobley, 233 La.

956, 98 So.2d 250 (1957); So-Cam, Inc. v. Atkins, La.App., 189 So.2d 742 (1966); and Alford v. Kaiser Aluminum & Chemical Corp., La.App., 219 So.2d 609 (1969). We granted certiorari to review the ruling. 261 La. 458, 259 So.2d 912.

██ Since 1912 Louisiana has opened the doors of its courts to indigent litigants without the payment of costs. This humanitarian policy is designed to assure justice for all, irrespective of their means. The court services granted to the indigent litigant include the taking and transcribing of testimony. Article 5185 of the Louisiana Code of Civil Procedure provides:

"When an order of court permits a party to litigate without the payment of costs, until this order is rescinded, he is entitled to:

"(1) All services required by law of a sheriff, clerk of court, court reporter, notary, or other public officer in, or in connection with, the judicial proceeding, including but not limited to the filing of pleadings and exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal. . . ."

---

1. The Court of Appeal ruling consisted of a denial of mandamus and, later, of the denial of a motion to complete the record. We have serious doubts that a motion to complete the record is a proper procedural vehicle to raise the question.

When there is an official court reporter in the court, that reporter takes and transcribes the testimony in cases filed in forma pauperis. When, however, there is no official court reporter, a special procedure applies. A request must be made to the Clerk of Court to cause the testimony to be taken down in writing. Article 2130 succinctly provides:

"A party may require the clerk to cause the testimony to be taken down in writing and this transcript shall serve as the statement of facts of the case. . . ."

In the present case, despite the absence of an official court reporter, this procedure was not followed. The plaintiff made no request of the Clerk of Court to take the testimony. Instead, she retained a private court stenographer to serve at the trial. When the transcription of testimony was needed for the appeal, plaintiff then requested that the Clerk of Court supply the transcript. In effect, plaintiff's demand was that the Clerk of Court defray the cost of transcription.

Plaintiff's belated demand has no support in law. Article 2130 is explicit. It is a restatement, with no substantial change, of Article 601 of the former Louisiana Code of Practice.

In Hartford v. Mobley, 233 La. 956, 98 So.2d 250 (1957), this Court answered the identical question presented here adversely to the contention of relator, holding:

"The position of the judge on this phase of the matter is well taken. While the forma pauperis statute, R.S. 13:4525, grants to indigent persons the right to litigate without advancement of costs and makes available to them all of the services ". . . required by law in any legal proceedings, by sheriffs, clerks of court, court reporters and witnesses in any parish where any part of the proceedings are being conducted. . .", *a suitor in forma pauperis is not accorded greater legal services and facilities than those available to any other suitor in the judicial district where the proceedings are held. Thus, in a judicial district in which no official court reporter has been appointed as provided by R.S. 13:961, neither the paying suitor nor indigent suitor can require the judge to furnish the services of a stenographer. In such instances, the recording of testimony is governed by Article 601 of the Code of Practice* which provides that "Either party may require the clerk to take down the testimony in writing, which shall serve as a statement of facts, if the parties should not agree to one." See also Articles 602 and 603 of the Code of Practice." (Italics ours).

In So-Cam, Inc. v. Atkins, La.App., 189 So.2d 742 (1966), cert. den., 249 La. 765, 191 So.2d 142, the Court of Appeal stated:

"With regard to the taking of testimony in a trial court, the law of this state has long been settled to the effect that either party to a trial may require the Clerk of Court to take down the testimony in writing, which means in longhand. Hartford v. Mobley, 233 La. 956, 98 So.2d 250. The rule established in the Mobley case and the innumerable decisions which preceded it was codified in the form of Article 2130 and 2131 LSA–C.C.P.

"It has likewise been held that in a court which has no salaried court reporter, no litigant, including one authorized to sue in forma pauperis, is entitled to the services of a professional court reporter at the expense of the Clerk of Court or the parish in which the action is tried. Hartford v. Mobley, supra."

The plaintiff has made no attack upon the validity of the code articles. She reasons, however, that when counsel receives notices like those in the instant case, suggesting the retention of a private court reporter, the Clerk of Court should be required to pay the cost of transcription.

▆ Plaintiff's counsel received two notices. These notices are standard forms, used in all cases without regard to the indigency of the parties. The first is a notice of a pre-trial conference. It gives the time and date of the conference and concludes with the following paragraph:

"This District does not employ a regular Court Reporter and all reporting is done on a contract basis between Counsel for Plaintiff and the Reporter. If you desire that we obtain the services of a Reporter for you on the above date, please let us know at your earliest convenience."

The second is a notice of trial on the merits. It sets forth the time and date of trial and then concludes with the following paragraph:

"This District does not employ a regular Court Reporter and all reporting is done on a contract basis between Counsel for Plaintiff and the Reporter."

In the above trial notice, it is apparent that the last sentence of the first form has been deleted by typewriter.

In our opinion, these notices provide an inadequate basis for holding that the Clerk of Court assumed the cost of the services of the private court reporter. The notices were merely designed to alert attorneys to the absence of an official court reporter, so that if they wished to do so, they could retain a professional stenographer at their own expense. We find nothing in the notices to suggest that the Clerk of Court assumes the cost of the private reporter or waives the statutory provision relating

to suits in forma pauperis. Hence, the ruling of the Court of Appeal must be affirmed.

The lack of an official court reporter in the Eighteenth Judicial District represents a serious gap in court services. In keeping with our program of improving court services whenever deficiencies appear, we will undertake to remedy this deficiency through administrative channels.

For the reasons assigned, the ruling of the Court of Appeal is affirmed, and the case is remanded to that court for further proceedings according to law and consistent with the views herein expressed.

SUMMERS, Justice (concurring).

I do not agree that this case calls for a determination of the administrative problem of furnishing a court reporter. This is a dicta.

BARHAM, Justice (dissenting).

In the jurisdiction where this case arose there is now and has been over the years systematic discriminatory denial in forma pauperis proceedings of a trial transcript for the purpose of appeal. The majority, recognizing that this practice "represents a serious gap in court services", proposes to remedy this deficiency administratively. What that remedy is has not been demonstrated to me.

The clear and unambiguous intent of the last notice sent by the clerk of court to counsel for this indigent was that counsel was either to supply a court reporter to take the evidence or do without any transcript of the proceeding. Counsel for plaintiff responded to the clerk's request that he privately contract for a court reporter. The testimony has been taken down, but it remains untranscribed. The clerk and the trial court have been asked only to pay for the transcription of the reporter's notes, or recorded version of the testimony, so the plaintiff can appeal. We can fulfill plaintiff's needs and preserve her rights by simple order. She seeks a legal remedy to protect her right to an appeal, a remedy she would have in all other jurisdictions as far as I can ascertain. Without that remedy—a transcript of the trial proceeding—she can have no effective appeal. This is a matter for adjudication between these parties now. Administrative remedy may aid future litigants but can only frustrate this litigant.

I respectfully dissent.