BOLIN, Judge.
Fred A. Black sued Mary Jean Black for separation from bed and board. The wife answered and reconvened seeking a separation, custody of their two minor children, alimony for herself and child support. From judgment in favor of the wife granting the separation and custody of the children, together with an award in her favor in the sum of $120 per week, the husband appealed. We affirm the judgment of the lower court.
The district judge did not assign written reasons for his judgment; neither was the testimony transcribed nor was a written narrative of the facts requested or made in compliance with Louisiana Code of Civil Procedure Articles 2130, 2131.
The portion of the judgment complained of on appeal provides:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff FRED A. BLACK do pay to defendant and plaintiff in reconvention MARY JEAN BLACK the sum of $120 DOLLARS per week the first payment to be made July 7, 1972, and a payment in the same amount each week thereafter, conditioned upon Mary Jean Black allowing funds on deposit to be utilized to pay existing debts.”
Appellant contends the lower court erred as a matter of law in not designating separate amounts as alimony for the wife and support for the children; alternatively, in conditioning the payments to the wife upon her allowing funds on deposit to be utilized to pay existing debts; and, further, in setting the support at $120 per week.
The two articles of the Code of Civil Procedure which we consider decisive of this appeal are:
Article 2130:
“A party may require the clerk to cause the testimony to be taken down in writing and this transcript shall serve as the statement of facts of the case. The parties may agree to a narrative of the facts in accordance with the provisions of Article 2131.”
Article 2131:
“If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.”
Louisiana cases interpreting the above procedural articles uniformly hold that in the absence of a transcript of the testimony, a written and signed narrative of the facts or a written opinion sufficiently stating the facts, the appellate court has nothing to review except the pleadings and attached exhibits. See So-Cam, Inc. v. *871 Atkins (La.App. 1st Cir. 1966) 189 So.2d 742, and cases cited therein.
From our study of the record before us we find no error of law in the judgment appealed from and, accordingly, it is affirmed at appellant’s cost.