PRICE, Judge.
This is a suit for personal injuries and property damages alleged to have been caused by the negligent aerial spraying of a herbicide on timber lands in Red River Parish.
Plaintiffs in the action are: S. R. Man-gham, suing individually and on behalf of his minor child, Wayne Mangham; Mrs. Hortense K. Mangham; Mrs. Elaine Adams, individually and on behalf of her minor children, Constance and Johnny Ray Adams; Edwin Cloud, individually and on behalf of his minor children, Linda and Nancy Renee Cloud; Mrs. Charlotte Ann Cloud; Leo Addison, individually and on behalf of his minor child, Frank Joseph Addison.
The defendants are International Paper Company, the owner of the timber lands, and Mid-Continent Aircraft Corporation, the company performing the aerial spraying operations under contract with International.
According to the allegations of plaintiffs’ petition, S. R. Mangham is the owner of a residence situated on a small tract of land adjacent to the property of International. On May 12, 1970, Mid-Continent was spraying International’s lands with a herbicide when the pilot of the spraying aircraft negligently released some of the herbicide formula directly into the Man-gham home. At the time of this spraying all of the persons named as plaintiffs herein were present at the residence and received a direct application of the herbicide on their bodies. Mangham sued for damages to his property and all plaintiffs claim damages for personal injuries allegedly resulting from or caused by the herbicide. They allege a severe and recurrent skin rash developed on various parts of their bodies which has caused each of them pain, mental anguish, disfigurement and disability-
in answer to plaintiffs’ petition the defendants admitted spraying operations on International timber lands but denied the spraying affected the Mangham property or caused the personal injuries claimed.
In accordance with plaintiffs’ request, the case was tried before a jury and a verdict was rendered awarding S. R. Man-gham judgment for $1,000 for property damages, and rejecting the claims of all plaintiffs for personal injuries.
Plaintiffs moved for and were granted a devolutive appeal to this court on January 7, 1972, made returnable on March 7, 1972. An extension of this return date was granted by the trial court for a period of 90 days. On May 25, 1973, the defendants-appellees filed a motion in this court setting forth that more than one year had elapsed without plaintiffs having taken any steps in the prosecution of their appeal, and therefore, in accordance with Rule 7, Section 5 of the Uniform Rules of the Court of Appeal and La.C.C.P. Articles 561 and 2165, the appeal should be dismissed. The record reflects that the transcript was filed in this court on May 23, 1973. On the same day the motion to dismiss was filed, plaintiffs answered the motion, setting forth that although repeated demands had been made on the court reporter, clerk of court and district judge, the transcript of the proceedings had not been filed and that plaintiffs were not at fault in this omission.
*349 The transcript as filed does not contain a transcript of the testimony adduced on trial of the case in the district court. This omission results from a dispute between plaintiffs and the clerk of the district court as to whether the plaintiffs, who have proceeded in forma pauperis, have the right to demand the clerk to pay for the cost of transcription to the court reporter who took down the testimony on a recording device. We understand from statements in briefs to the court that Red River Parish does not have an official salaried court reporter and that the reporter who recorded the testimony was an independent reporter.
Plaintiffs have requested us to remand the proceedings to the district court with an order directing the clerk to complete the transcript by incorporating the transcript of testimony adduced on trial.
It is apparent from the record that plaintiffs, as indigents, have not taken proper steps to avail themselves of the provisions of La.C.C.P. Article 2130, which is the sole remedy for an indigent to obtain the transcription of testimony in parishes where there is no official salaried court reporter. See Paige v. Tregre, 262 La. 641, 264 So.2d 591 (1972); Hartford v. Mobley, 233 La. 956, 98 So.2d 250 (1957). Nor have plaintiffs availed themselves of the right to have the trial judge prepare a written narration of facts under La.C.C.P. Article 2131. We are of the opinion they have had ample opportunity to have accomplished this in the more than one year which had elapsed prior to the lodging of the record in this court and that we should proceed to review the record as presently constituted. See Plauche v. Derouen, 193 So.2d 918 (La.App. 3d Cir. 1967); Cothren v. Cothren, 177 So.2d 129 (La.App. 1st Cir. 1965); Parker v. Charles Tolmas, Inc., 174 So.2d 205 (La.App. 1st Cir. 1965); Clark v. Richardson, 157 So.2d 325 (La.App. 3rd Cir. 1963); and Louisiana Power & Light Company v. Becker, 11 La.App. 195, 123 So. 193 (1st Cir. 1929).
The sole and only question presented on this appeal relates to whether the skin rash which developed on these plaintiffs resulted from a contact with a herbicide or was caused by unsanitary living conditions.
We are afforded knowledge of the conclusions reached by two of the three medical experts who treated these plaintiffs. The deposition of Dr. Ollie P. Williams, a dermatologirt, was introduced by stipulation in lieu of his personal appearance in court and is part of the record before us. Plaintiff admits in brief that the testimony of Dr. Lawrence L’Herrison of Coushatta (although not in the record as he testified in court) was in accord with the opinion of Dr. Williams that plaintiffs’ condition was caused by “scabies” or mite bites and was not an allergic reaction to a herbicide.
The preponderance of the medical evidence was therefore unfavorable to plaintiff’s position.
The record lodged on this appeal reflects no error in the judgment appealed from, and therefore, for the reasons heretofore mentioned, the judgment is affirmed.
Affirmed.