J2SHORTESS, Judge.
Claude P. Williams (appellant) was terminated from his position as executive director of the Louisiana State Racing Commission (LSRC) by the appointing authority on May 4,1992. He filed a timely appeal to the State Civil Service Commission (Commission).
A hearing was held which began on November 4, 1992, but was not completed until October 27, 1993. The parties stipulated when the October 27 proceeding began that *499 the matter would be submitted to the referee presiding on that date, with the referee listening to the tapes of the prior hearing along with the testimony from the second hearing and the exhibits from both hearings to make a decision.[1] In accord therewith, a decision was rendered on April 13, 1994. Appellant’s application for review by the Commission was denied on June 8, 1994, and the appeal to this court followed.
Appellant was originally hired in 1989 as the LSRC’s executive director, which was an unclassified position. In 1991, the position became classified, and at the time of appellant’s discharge, he was still a probationary employee in the classified civil service system.[2]
The referee’s findings of fact are set forth as follows:
1. Appellant had initially been serving in the position of Executive Director of the Racing Commission as an unclassified employee.
2. Eventually, the position was brought into the classified service and appellant began serving as a probationary classified employee.
|⅞3. The position was brought into the classified service around election time in 1991; however, the process of determining the status of the position was an ongoing process and was not an attempt to carry over a political appointee from one administration into another administration by making the position “classified.” The timing was only coincidental. Appellant began serving his probationary period in the position on October 1, 1991.
4. A new Governor was elected in 1991, and after his inauguration he made his appointments to the State Racing Commission.
5. Appellant began experiencing difficulty in dealing with one of the new Commissioners. When the Commissioner inquired about a personnel matter involving former employees, appellant replied to the question by telling the Commissioner that the former employee was a “[M— f — ing lying son-of-ab — .]” Appellant also referred to Horsemen as “the most vicious dangerous people in the world.”
6. The Commission at first attempted to remove appellant from his probationary position. After discovering that it was not the appointing authority, the Commission passed a motion requesting the Secretary of the Department of Economic Development to terminate appellant from his position.
7. The Secretary believed that there was an irreconcilable difference between the probationary Executive Director and the State Racing Commission. The Secretary believed that the situation could be corrected by removing either the Executive Director or the Commission. The Secretary sided with the Commission and removed the probationary Executive Director.
8. On May 4, 1992, the Secretary sent a letter to appellant informing appellant that he was being removed from his position. The letter states that the Secretary was ratifying the recommendations of the State Racing Commission. The Director of State Civil Service was notified of the removal and reasons therefor dated May 7, 1992.
9. Since this occurrence the position of Executive Director of the State Racing Commission has been made an unclassified position again.
We have been unable to review the entire record in this case because a transcript of the November 4,1992, hearing ispnot part of the record. In appellant’s application for appeal of the Commission’s final decision, he designated those items he wanted reviewed on *500 appeal. The only testimony designated was “[testimony of Don J. Hutchinson, Undersecretary of DOED; Darlene P. Richard, Hutchinson’s Deputy Under Secretary and Carolyn Bordelon, DOED employee.” This evidence was received on October 27, 1993.
Where the inadequacy of the record is due entirely to the fault of the appellant, the case should be decided on the basis of the record before the court. Plauche v. Derouen, 193 So.2d 918, 919 (La.App. 3d Cir.1967). The only transcribed testimony presented to us is that designated by appellant — the testimony of Don J. Hutchinson, Darlene P. Richard, and Carolyn Bordelon. We are unable to review some of the referee’s findings of fact because we cannot review evidence which is not part of the appellate record. In light of the record before us, we must assume the referee’s findings are correct. Ronald Adams, Contractor, Inc. v. State, 464 So.2d 1003, 1004 (La.App. 1st Cir. 1985). We therefore affirm the Commission’s decision at appellant’s cost.
AFFIRMED.

. The evidence indicates Laura D. Holmes, Chief Referee for the Department of Civil Service, on May 18, 1993, wrote appellant's counsel to advise that the referee who had heard the first portion of the case was "no longer serving as a Referee.” She suggested several options to the parties, including letting another referee listen to the tapes of the testimony and then complete the evidence.

. Appellant’s position was Deputy Assistant Secretary I, Department of Economic Development, an agency of the Department of Economic Development.